UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

SHAUNTEL WHITE,

    Plaintiff,

vs.

HORIZON BY-THE-SEA INN, INC.,
a Florida corporation, and JOHN ZYCH,
an Individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, SHAUNTEL WHITE, by and through undersigned counsel, sues the Defendants, HORIZON BY-THE-SEA INN, INC., (hereinafter, "Company"), and JOHN ZYCH, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, JOHN ZYCH, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10. The Plaintiff was hired as a non-exempt employee by the Defendants.

11. During her employment, the Defendants however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

12. All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

13. Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above.

14. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

15. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–JOHN ZYCH

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint.

16. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

17. By reason of the intentional, willful and unlawful acts of the Defendant, JOHN ZYCH in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, JOHN ZYCH for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Date: December 14, 2015.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
915 Middle River Drive, Suite 518
Ft. Lauderdale, Florida  33304
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*


*s/Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701