UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-62615-CMA

SHAUNTEL WHITE,

    Plaintiff,

vs.

HORIZON BY-THE-SEA INN, INC.,
a Florida corporation, and JOHN ZYCH,
an Individual,

    Defendants.
_____/

## AMENDED UNOPPOSED MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff, SHAUNTEL WHITE ("Plaintiff"), by and through counsel, hereby files this Amended Unopposed Motion to the Court for Approval of the parties' Settlement of this matter, and dismissal with prejudice. Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and therefore must be approved by the Court.

### I. LEGAL ARGUMENT

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in either of two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement and the district court enters a stipulated judgment approving

the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353. In discussing the approval of FLSA settlements the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

## II.     FACTUAL BACKGROUND

1. This was an action for unpaid overtime wages brought under the Fair Labor Standards Act 29 U.S.C. 201-216. Plaintiff alleged that she worked for a period of time for the Defendants without proper overtime being paid.

2. As set forth in the Statement of Claim, Plaintiff was compensated at $12.00 per hour (weekly) from approximately March 2012 up through and including through May 2015. Taking this hourly rate $12.00 by the half rate equals $6.00 owed to Plaintiff for each worked overtime hour. Plaintiff alleged she worked approximately 41 hours per week, or 165 overtime hours during her employment. Taking that amount of hours (165) by her half rate per hour of $6.00 totaled $990.00 due in unpaid overtime.

3. Defendants responded to the Statement of Claim [D.E. #19] denying that the Plaintiff was owed any overtime, and provided weekly records of the schedule

worked by the Plaintiff and amounts paid, many of which were less than 40 hours per week. Defendants also brought up other issues of consideration provided to the Plaintiff, including free boarding.

4.     The parties had a settlement conference set with Magistrate Judge Turnoff on February 19, 2016. Given the low value of the claim, and the anticipated disputed issues, the parties engaged in settlement discussions in order to attempt to settle before the conference. This also would have kept attorneys down on both sides.

5.     Through negotiations, the parties reached a settlement that, taking into account the disputed issues, would result in a settlement for the Plaintiff obtaining $1,000, as well as $2,500 in attorney's fees and $500 in costs.

6.     The parties entered a Notice of Settlement on February 18, 2016. [D.E. #24].

7.     The parties now seek Court approval of the settlement.

### III.   PREVAILING PLAINTIFF

In the United States, the "American Rule" provides that, absent a contrary direction from Congress, the prevailing party in a litigation is not ordinarily entitled to recover attorneys fees from his opponent. Alyeska Pipeline Service Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The FLSA, however, explicitly provides that the Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases. See Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir.1985); Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir.1987) ("Section 216 provides

for an award of attorneys' fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

Although the parties settled the matter prior to judgment, the Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

Here, the Plaintiff is receiving $1,000, slightly more than the approximate $990 claimed to have been owed.  This was considering the disputed issues based upon the detailed documentation provided by the Defendants, which was taken into account before the parties agreed to settle the matter.  Given that the Plaintiff can receive attorneys fees as a prevailing plaintiff under the FLSA, the amount of those fees being sought are reasonable.

## III.    DETERMINATION OF FEES

The Court's own expertise is utilized to establish a reasonable fee award. Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The starting point in any reasonable fee determination is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  In determining the reasonable hourly rate, the Court may consider any of the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974).  Examining several of these factors below demonstrates the Plaintiffs' counsel's requested fees are reasonable.

### a. Time and labor required

The undersigned had attempted to resolve this case as even before litigation occurred, and issued a pre-suit settlement letter to the Defendants on July 30, 2015.  With no opportunity to settle the matter pre-suit, the Plaintiff had to file suit in order to seek FLSA wages.  After this, the parties had an opportunity to discuss each other's positions and exchange documents.  Negotiations occurred ultimately resulting in a settlement that the Plaintiff and Defendants were satisfied with.

The undersigned's itemized fees and costs are attached to this motion as Exhibit 1, along with an affidavit of the undersigned in support as Exhibit 2.  While the Plaintiff's counsel is receiving $2,500.00 in fees, the fees claimed herein were $4,550.00 for 13.0 hours at the hourly rate of $350.00.  This time and labor, including pre-suit investigation and communications, the filing of the suit, and review of documentation, were necessary in order to resolve the matter.  The time handling this case and the labor set forth, as evidenced by the timesheets, supports the fees being sought.

While Plaintiff is receiving $1,000, and counsel is receiving $2,500 in fees, this should have no bearing on the fees awarded to Plaintiff for this case.  "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'"  Tyler v. Westway Auto. Serv. Ctr., Inc., Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005).  Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights

and protecting the interest of the public." Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-229 (7th Cir.1972).

### b. The skill requisite to perform the legal service properly

The Plaintiff's counsel performed his services efficiently and diligently, and resulted in his client receiving an amount of compensation that exceeded the amount initially being claimed. It required the Plaintiff's counsel explaining to the Defendants the legal issues and why the Plaintiff would be entitled to wages should the case proceed forward. The undersigned litigated this case in a professional and civil matter throughout these proceedings. This includes only filing suit as a last resort, and cooperating with Defendants' counsel at all times. In all, Plaintiff's counsel has demonstrated the skill requisite to satisfy this factor.

### c. The preclusion of other employment by the attorney due to the acceptance of the case

For this factor, the Court is to consider "the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes." Id. Plaintiff's counsel is a small firm and the undersigned is the only attorney that has performed any billable work on this case. Considering this case was accepted on a contingent basis (to be addressed in detail below), this type of litigation poses greater risks to small firms because the risk of nonpayment may not be offset so easily by the presence of paying work, and because such paying work may have to be turned away once a contingent case is accepted. See, e.g., Brewer v. Southern Union Co., 607 F.Supp. 1511, 1532 (D.C.Colo. 1984).

In this case, the undersigned chose to proceed efficiently, yet at the same had to be fully devoted to the litigation of this case should settlement not be obtained. This

included time spent as evidenced in the Plaintiff's counsel's time records where the undersigned was unable to work on other matters during this time.

### d. The customary fee and whether fixed or contingent

This was strictly a contingent fee recovery, wherein if the Plaintiff did not prevail, the undersigned would receive no pay, obviously a circumstance that justifies the lodestar requested.  Attorneys naturally will prefer cases where they will be paid regardless of the outcome, rather than cases where they will be paid only if they win. Cases of the latter type are inherently riskier and an attorney properly may expect greater compensation for their successful prosecution.  See Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161, 168 (3rd Cir. 1973) ("'No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success"), *quoting* Cherner v. Transitron Electronic Corp., 221 F.Supp. 55, 61 (Mass.1963); Wildman v. Lerner Stores Corp., 771 F.2d 605, 612 (1st Cir. 1985) (significant difference between a "case taken on a full retainer and a case in which an attorney spends many hours over a period of months or years with no assurance of any pay if the suit is unsuccessful"). See also E. Larson, Federal Court Awards of Attorneys' Fees 224-225 (1981).  This contingent fee analysis is important as its very purpose is to help "equalize the access of rich, middle-class, and poor individuals to the courts by making attorney decisions concerning representation turn on an action's merits rather than on the size of a client's income." Stanford Daily v. Zurcher, 64 F.R.D. 680, 685-686 (N.D.Cal. 1974), *aff'd*, 550 F.2d 464 (9th Cir. 1977).

Plaintiff's counsel was not receiving a fixed amount of any compensation, and was strictly contingent upon the Plaintiff prevailing in this case. The undersigned has worked on this case without receiving any compensation, or any assurance that compensation would be paid. Certainly, had the Plaintiff not prevailed in this matter, the undersigned would have worked without pay.

    **e.**    **The "undesirability" of the case**

Regarding the undesirability of the case, it is likely that many attorneys faced with a contingent fee basis, against a defendant who did not respond to a demand letter, with an amount owed of less than $1,000, would find this case undesirable. Instead, the undersigned accepted this case, continued forward, and obtained a settlement for the Plaintiff. This was anything but a guarantee.

    **f.**    **The experience, reputation, and ability of the attorney**

The undersigned has been practicing solely in the labor and employment field since 2004 and has been the managing partner of his law firm since 2006. Since that time, the undersigned has successfully litigated hundreds of FLSA claims on behalf of his clients. This includes a poker room industry-changing FLSA collective action jury trial which the undersigned prevailed on. See Wajcman v. Investment Corp. of Palm Beach, Case No.: 07-80912-CIV-HURLEY/HOPKINS. The undersigned has a strong reputation as a fair and reasonable attorney in this field, and that was demonstrated in this matter as well.

In determining the proper hourly rate, the undersigned's handling of this case demonstrated the skill and ability of a seasoned attorney, and also resulted in the Plaintiff prevailing in this matter. During the course of this litigation, the undersigned expended

13.0 hours in securing the settlement for the Plaintiff. Based upon his experience and handling of this specific case, and as demonstrated, the undersigned is deserving of an hourly rate of $350.00. See Timesheet (Exhibit 1), Affidavit of Levy (Exhibit 2).

This hourly rate is more than reasonable when comparing within the marketplace for hourly attorney rates. See e.g., CC-Aventura, Inc. v. Weitz Co., LLC, 2008 WL 276057 at *2 (S.D.Fla. 2008) ($400.00 was reasonable for attorney with eight years experience, while $200.00 was reasonable for attorney with one year experience).

Defendants have not objected to the fees being sought by the Plaintiff or that the Plaintiff's counsel's rates are unreasonable.

Overall, this case required the experience and skill in order to secure a favorable judgment for the Plaintiff. The undersigned counsel has only billed what was reasonably necessary to effectively prepare and ultimately prevail at trial. As a result, the accepting of $2,500.00 in fees is appropriate.

**IV.    COSTS**

Under Section 216(b) of the FLSA, Plaintiffs are also entitled to taxable costs as a prevailing party. Congress has delineated which costs are recoverable under 28 U.S.C. § 1920; see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co., 482 U.S. at 440-44. Plaintiff seeks the following costs, which is provided in detail as Exhibit 1:

   a.   **Filing Fee**

Fees for filing with the Clerk of the Court are recoverable. 28 U.S.C. §1920(1) ("A judge…of any court of the United States tax as costs…fees for the clerk…").

Plaintiff has incurred $400.00 in filing fees and seeks to recover this amount charged by the Clerk of the Court to file this action.

    **b. Process Server**

"According to case law, private process server fees may be taxed pursuant to §§ 1920(1) and 1921." Monelus v. Tocodrian, Inc., 2009 WL 1098355 (S.D.Fla. 2009). This applies to both personal service and subpoena service. See Dominguez v. Metro. Miami-Dade County, 2005 WL 5671499, *3 (S.D.Fla. 2005). In this case, personal service by the Plaintiff's private process server cost was $100.00 to serve the Defendants ($50.00 for service of each Defendant).

Therefore, the Plaintiff has taxable costs in the amount of $500.00.

**V.   CONCLUSION**

WHEREFORE, Plaintiff, SHAUNTEL WHITE respectfully requests that this Court grant the instant motion and enter an Order approving the settlement and dismissing this action with prejudice as to all claims Plaintiff may have against Defendants, with each party to bear their own attorneys' fees and costs, except as specified in the parties' settlement.

    Respectfully submitted,

    Law Offices of Levy & Levy, P.A.
    915 Middle River Drive, Suite 518
    Fort Lauderdale, Florida 33304
    Telephone: (954) 763-5722
    Facsimile:  (954) 763-5723
    E-mail: chad@levylevylaw.com
    *Counsel for Plaintiff*

    *s/Chad E Levy*
    CHAD E. LEVY, ESQ.
    F.B.N.: 0851701

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on March 7, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

              /s/Chad E. Levy_____
              CHAD E. LEVY

## SERVICE LIST

Robert J. Puzio, Esq.
THE LITIGATION DEFENSE GROUP, LLC
1040 Bayview Drive, Suite 520
Fort Lauderdale, Florida 33304
puziolaw@bellsouth.net